# MEMORANDUM DECISIONS

**1**

J. T. BELT v. STATE. (No. 9875.) (Court of Criminal Appeals of Texas. Feb. 17, 1926.) Appeal from Wichita County Court at Law; C. M. McFarland, Judge. John Martin, of Wichita Falls, for appellant. Sam. D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J. The conviction is for unlawfully practicing medicine; punishment fixed at a fine of $50. The indictment is regular. The record is before us, without statement of facts or bill of exceptions. No fundamental error has been perceived. The judgment is affirmed.

**2**

R. R. CARTER v. STATE. (No. 9700.) (Court of Criminal Appeals of Texas. March 17, 1926.) Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge. Sullivan & Wilson, of Dallas, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J. Since the opinion on the original hearing was rendered, and after filing his motion for rehearing, appellant has filed a written request to withdraw the appeal. The request is granted.

**3**

Ben COLLIER v. STATE. (No. 9903.) (Court of Criminal Appeals of Texas. Feb. 17, 1926.) Appeal from District Court, Cass County; Hugh Carney, Judge. Briggs & Davis, of Gilmer, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler for the State.

HAWKINS, J. The conviction is for manufacture of intoxicating liquor; punishment being one year in the penitentiary. The record contains neither statement of facts nor bills of exception. In this condition nothing is presented for review. The judgment is affirmed.

**4**

Gold CROWDER v. STATE. (No. 9881.) (Court of Criminal Appeals of Texas. Feb. 17, 1926.) Appeal from District Court, Titus County; R. T. Wilkinson, Judge. E. L. Myers, of Mt. Pleasant, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J. The offense is the unlawful possession of mash for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. The record reveals no complaint of the procedure, nor do we find any authenticated statement of the evidence. The judgment is affirmed.

**5**

T. C. DAVIDSON v. STATE. (No. 9906.) (Court of Criminal Appeals of Texas. Feb. 24, 1926.) Appeal from District Court, Robertson County; W. C. Davis, Judge. J. G. Lyles, of Franklin, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

HAWKINS, J. Conviction is for possessing mash for the purpose of manufacturing intoxicating liquor. Punishment is one year in the penitentiary. Notwithstanding appellant entered his plea of guilty, upon which he was awarded the lowest penalty, he now brings his case before this court upon a record, without a single bill of exception and with no statement of facts. Nothing is before us for review. The judgment is affirmed.

**6**

Geronimo DE LA ROSA v. STATE. (No. 9912,) (Court of Criminal Appeals of Texas. Feb. 24, 1926.) Commissioners' Decision. Appeal from District Court, Willacy County; A. W. Cunningham, Judge. Aug. Celaya, of Brownsville, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BAKER, J. The appellant was convicted in the district court of Willacy county for unlawfully possessing intoxicating liquor, and his punishment assessed at one year in the penitentiary. The record is before us without any bills of exceptions or objections to the charge of the court, and, as presented, leaves but one question for our consideration, and that is the sufficiency of the evidence to warrant the conviction. After a careful consideration of all the evidence adduced upon the trial of this case, we are unable to reach the conclusion that the jury was unauthorized, under the facts as presented, in convicting the defendant, and are therefore of the opinion that the judgment of the trial court should be in all things affirmed; and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

**7**